David MARTINSON, Respondent,

v.

IOWA KEMPER INSURANCE COMPANY, Appellant, Forsyth Insurance Services, Respondent.

No. C3–86–149.

Court of Appeals of Minnesota.

July 22, 1986.

---

Kenneth R. Moen, Dunlap, Keith, Finseth, Berndt & Sandberg, P.A., Rochester, for respondent.

Donald E. Rysavy, Gerald S. Weinrich, Austin, for appellant.

Frederic N. Brown, Brown & Bins, Rochester, for respondent.

Heard, considered and decided by NIERENGARTEN, P.J., and LANSING and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

The trial court granted summary judgment in favor of respondents Forsyth Insurance Services (Forsyth) and David Martinson and determined that appellant, Iowa Kemper Insurance Company (Iowa Kemper), had a duty to defend Martinson. On appeal, Iowa Kemper argues: (1) that the trial court erred in finding there are no issues of material fact; (2) that the trial court erred in concluding Martinson was entitled to a ten day notice of cancellation; and (3) that the renewal notices constituted adequate notice of cancellation. We affirm.

## FACTS

David Martinson obtained an auto insurance policy from Iowa Kemper through Forsyth Insurance Services. The policy was effective for six months, from December 8, 1983, to June 8, 1984. In March 1984, Martinson was late in making an installment payment and received a cancellation notice from Iowa Kemper. Because the premium was ultimately paid the insurance remained in effect.

On or before June 8, 1984, Martinson received a statement asking him to pay premiums in installments or in full for the period of June 8, 1984, to December 8, 1984. This payment was due by June 8, 1984. Martinson did not respond to the billing. On June 13, 1984, Iowa Kemper sent Martinson a "premium reminder notice" that once again asked for payment, but this time listed a payment due date of June 28, 1984. Martinson did not pay this bill either.

On June 13, 1984, Iowa Kemper also issued Martinson an amended policy changing the vehicle covered under the policy. Iowa Kemper informed Martinson's lien holder of this change. At the same time, Iowa Kemper issued Martinson an identification card showing he had a policy effective from June 8, 1984, to December 8, 1984.

On July 5, 1984, Martinson gave the Forsyth agency a check for his insurance premium and the Forsyth agency forwarded this check to Iowa Kemper on July 6. On July 16, Martinson reported to the Forsyth agency that he had been involved in a car accident on July 13, 1984. In a letter dated July 24, 1984, Iowa Kemper notified Martinson that his insurance coverage had expired on July 8, 1984, and that the accident was not covered by his policy.

## ISSUES

1. Is there sufficient evidence to raise genuine issues of material fact?

2. Did the trial court err by concluding that the ten day notice of cancellation provision under Minn.Stat. § 65B.16 (1984) applied to the termination of Martinson's insurance policy?

3. Did the renewal notices constitute adequate notice of cancellation?

## ANALYSIS

### I.

■ When reviewing an entry of summary judgment, this court addresses two questions: (1) are there any genuine issues of material fact to be litigated? and (2) did the trial court err in applying the law? *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979).

Iowa Kemper argues that there is a factual issue about the meaning of the notices sent to Martinson. Iowa Kemper's argument, however, is directed to the legal effect of these notices and not to their content. Iowa Kemper also claims that the circumstances created a fact question about whether Martinson's actions could be construed as an "acceptance" of Iowa Kemper's "offer" to renew. Once again Iowa Kemper's argument actually concerns the legal effect of Martinson's actions because Iowa Kemper did not show any factual dispute about what Martinson did. Finally, Iowa Kemper claims that there are questions of fact about whether Forsyth was acting as an agent of Iowa Kemper. This agency issue was never raised in the trial court and will not be addressed by this court.

### II.

■ Minn.Stat. § 65B.16 (1984) requires that an insurer give ten days notice if it intends to cancel an insurance contract during a policy period for nonpayment of a premium. Iowa Kemper argues that ten days notice was not necessary in this case because the policy period had ended, the renewal billing was only an offer to renew, and Martinson failed to accept the offer when he did not pay the renewal premium. Under Iowa Kemper's interpretation, Minn. Stat. § 65B.17 (1984) rather than section 65B.16 applied. Under section 65B.17, no notice is required if an insurer does not renew a policy because of nonpayment of the renewal premium.

In *St. Paul Fire & Marine Insurance Co. v. Bierwerth,* 285 Minn. 310, 175 N.W.2d 136 (1969), the Minnesota Supreme Court noted that:

> [U]nsolicited issuance of a renewal policy * * * is not an acceptance, but an offer, and a completed contract is not formed until acceptance is expressed by the insured or necessarily inferred from his conduct.

*Id.* at 318, 175 N.W.2d at 141. The supreme court further indicated that:

> The ultimate determination of whether the insurance was in effect depends upon all the facts, including the prior course of conduct between the insured and the insurer, as well as the actions of the insured after being notified of the unsolicited renewal of the policy.

*Id.* at 319, 175 N.W.2d at 142.

In *Bierwerth,* the supreme court found that the insured did not accept the insurer's offer to renew. In that case, the insured had called his agent and suggested cancellation and the insured purchased insurance from another insurance company. Further, the insured failed to pay the required premiums. The supreme court did note, however, that payment of the premium was

only one factor to consider. *Id.* at 319, 175 N.W.2d at 141–42.

In contrast, in *Cormican v. Anchor Casualty Co.,* 249 Minn. 196, 81 N.W.2d 782 (1957), the court found the insured had accepted the offer to renew. The insurer had sent the insured an identification card that showed the effective dates of the renewed policy. Even though the insured was late in paying his premium, the facts showed he had made a late payment before that was accepted by the insurer. Also, the insurer had sent the insured a letter that threatened cancellation. The supreme court observed that there must have been a policy in effect if the insurer was threatening to cancel it. *Id.* at 203, 81 N.W.2d at 788.

We find in the present case that the conduct of the parties demonstrates that the insurance policy was in effect and that Martinson was entitled to ten days notice of cancellation under Minn.Stat. § 65B.16. As in *Cormican,* Martinson received an identification card showing the same effective dates as those on the renewal notice. Iowa Kemper also issued Martinson an amended policy showing the effective dates to be June 8, 1984, to December 8, 1984. Martinson made no attempt to seek coverage from another insurer and never indicated that he wished to change his insurance carrier. Finally, in its letter of July 24, 1984, Iowa Kemper indicated that the policy expired on July 8, 1984, one month after the initial policy period ended. This suggests that the parties believed there was a policy in effect at least until July 8, 1984.

### III.

■ Iowa Kemper also argues that even if a ten day notice of cancellation was required, the renewal notices constituted such notice. We disagree.

When an insurer cancels an existing liability policy for nonpayment of a premium, the notice of cancellation must be " 'explicit, unconditional, and unequivocal' and must make clear that coverage will cease without further notice." *Dairyland Insurance Co. v. Neuman,* 338 N.W.2d 37, 41 (Minn.1983) (quoting *Cormican,* 249 Minn. at 203, 81 N.W.2d at 788). The notice is to be "tested by the meaning it would reasonably convey to one who receives it." *Lievers v. National Insurance Underwriters,* 257 Minn. 268, 271, 101 N.W.2d 817, 819 (1960).

In *Dairyland Insurance,* the supreme court found as a matter of law that a renewal notice was not sufficient to be cancellation notice under Minn.Stat. § 65B.15. 338 N.W.2d at 41. The notice did not use the word "cancellation" and was not a separate notice, but an incidental part of a premium bill. The court determined that the reasonable meaning conveyed was one of premium due and not cancellation. *Id.* In *Lievers,* the supreme court indicated that adequate notice of cancellation should inform the insured that there would be no further notice and give the insured a definite date for cancellation. 257 Minn. at 270, 101 N.W.2d at 819.

In the present case, the first renewal notice sent to Martinson indicated that he could select to pay in full or in installments and that payment was due on June 8, 1984. The statement showed the effective dates of the policy to be June 8, 1984, to December 8, 1984, and stated: "Policy expires if not paid by due date." The second notice was entitled "premium reminder notice" and listed a due date of June 28, 1984. Once again, the statement noted that the policy "expires if not paid by due date." Under the standards set forth in *Dairyland Insurance* and *Lievers,* these statements are not adequate notice of cancellation.

The statements sent to Martinson did not use the word "cancellation." The statements were primarily requests for payment of a premium and only incidentally mentioned expiration. The statements gave no indication they were final notices nor did they indicate a specific cancellation date. Finally, Martinson had been late with a premium payment in March 1984. As a result, Iowa Kemper sent to him a ten day cancellation notice. That document was

distinctly different from any document at issue in this matter.

## DECISION

There are no issues of material fact and summary judgment was appropriate. Martinson was entitled to ten days notice of cancellation under Minn.Stat. § 65B.16 and the renewal notices sent by Iowa Kemper did not constitute such a notice of cancellation. The trial court did not err by concluding that Iowa Kemper had a duty to defend Martinson.

**Affirmed.**